# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 7364 | **DATE** | 1/16/2001 |
| **CASE TITLE** | United States of America vs. Michael Griffin | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, the section 2255 habeas corpus petition [1-1] of Michael Griffin is denied.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | JAN 19 2001 | |
| | Notified counsel by telephone. | | date docketed | 9 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| TSA | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 98 C 7364 |
| v. ) | |
| ) | Judge Wayne R. Andersen |
| MICHAEL GRIFFIN, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the petition of Michael Griffin for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. For the reasons stated below, we deny the petition.

### BACKGROUND

On May 14, 1996, Griffin was indicted by a grand jury for violation of 21 U.S.C. § 841(a)(1) for possession with intent to deliver approximately 9,965 grams of cocaine. On August 9, 1996, Griffin was found guilty after a bench trial. On November 7, 1996, Griffin was sentenced to a term of 168 months imprisonment followed by a period of supervised release of five years. Griffin appealed the judgment and sentence to the Seventh Circuit Court of Appeals. On July 30, 1998, the Seventh Circuit affirmed the judgment and sentence. United States v. Griffin, 150 F.3d 778, 788 (7th Cir. 1998). The Seventh Circuit also held that Griffin waived his right to appeal a downward departure claim because at no point during the sentencing or in his objections to the guideline calculations did Griffin phrase his objection as a motion to downward depart under U.S.S.G. § 4A1.3. Id.

In 1989, Griffin was convicted of "hindering apprehension" in Texas and sentenced to one year's probation. Upon termination of his term of probation, the case was dismissed. In 1991, Griffin was found guilty of the unlawful use of a weapon in Illinois and served one year of supervision. Neither conviction was expunged. At sentencing, we concluded, over defense counsel's objection, that these two prior sentences necessitated the addition of two criminal history points, resulting in a criminal history category of II. The Seventh Circuit agreed with this Court's analysis.

In his habeas petition currently before this Court, Griffin claims that he received ineffective assistance of counsel because his attorney failed to make a downward departure motion based on the alleged over-representation of Griffin's criminal history category.

## DISCUSSION

28 U.S.C. § 2255 authorizes a federal prisoner to seek collateral relief for: 1) imposition of a sentence in violation of the Constitution or federal law; 2) lack of jurisdiction of the court; 3) imposition of a sentence in excess of the statutory maximum; or 4) imposition of a sentence otherwise subject to collateral attack. The Supreme Court has stated that alleged violations of federal law are cognizable pursuant to § 2255 only if they involve a "fundamental defect" causing a "complete miscarriage of justice" or otherwise result in a violation of due process. United States v. Timmreck, 41 U.S. 780, 783-84 (1979).

The standards which govern a court's consideration of a claim of ineffective assistance of counsel are set forth in Strickland v. Washington, 466 U.S. 668 (1984). In Strickland, the Court established a two-part test which requires that a defendant prove both that counsel's performance fell below an objective standard of reasonableness (the performance prong) and that there is a

2

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different (the prejudice prong). Id. at 687-88. "With regard to the performance prong, the defendant must identify the specified acts or omissions of counsel that form the basis for his claim of ineffective assistance." United States v. Moya-Gomez, 860 F.2d 706, 763-64 (7th Cir. 1988), cert. denied, 492 U.S. 908 (1989). "The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690.

The performance prong of the Strickland test is difficult to meet, both because of the broad range of attorney conduct deemed competent and because the conduct of counsel must be afforded a strong presumption of adequacy. United States v. Otero, 848 F.2d 835, 837-38 (7th Cir. 1988). The court must judge counsel's challenged conduct based on the facts of the particular case at the time of counsel's conduct. Strickland, 466 U.S. at 690. Counsel is strongly presumed to have given adequate assistance. Id. When evaluating effective assistance, the role of the court is not to grade counsel's performance. Id. at 697. It must be shown that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687.

Under the prejudice prong of the test, a reasonable probability of a different result "is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. "In addition to showing a reasonable probability of a different outcome but for the counsel's deficient performance, the defendant must show that the deficient performance was fundamentally unfair or unreliable." McCleese v. United States, 75 F.3d 1174, 1179 (7th Cir. 1996).

In this case, Griffin cannot show that he was entitled to a downward departure. The Seventh Circuit has stressed that a downward departure is available only when a "defendant's criminal history significantly over-represents the seriousness of his past conduct." United States v. Bradford, 78 F.3d 1216, 1227 (7th Cir. 1996).

Griffin was placed in a criminal history category II–the second lowest possible category. As the Guidelines demonstrate, category I is reserved for individuals who have no criminal history whatsoever, or who have only had a single, insignificant encounter with the criminal justice system. In 1989, Griffin was convicted of "hindering apprehension" in Texas and sentenced to one year's probation. Moreover, two years later, he was found guilty of the unlawful use of a weapon in Illinois and served one year of supervision. These offenses took place just five and seven years prior to the conduct that gave rise to the conviction in this case.

It is difficult to imagine an individual in a criminal history category II who has significantly more criminal history than Griffin. The top end of category II is only three criminal history points. This Court could not realistically conclude that the two prior offenses resulting in a criminal history category II "significantly over-represents" the seriousness of Griffin's criminal past.

Given at best that Griffin can make an argument that a downward departure motion could have been made, such a conclusion hardly supports the view that defense counsel was constitutionally ineffective for failing to make such a motion. In Bradford, the Seventh Circuit noted that such a strategic decision to forego such a motion is not the type of conduct that would constitute ineffective assistance of counsel. Id. This Court simply cannot conclude that Griffin's attorney's performance fell below the objective standard of reasonableness based upon the record in this case.

4

Furthermore, even if this Court were to have lowered the criminal history category from II to category I, Griffin's applicable guideline range would have changed from a range of 168-210 months to a range of 151-188 months. The Court's sentence of 168 months still falls within the lower range sought by Griffin. Thus, Griffin cannot show that, but for the failure of his attorney to bring the motion for downward departure, his sentence would have been different. Therefore, Griffin suffered no prejudice.

For these reasons, Griffin's claims do not provide any basis for habeas relief. Therefore, Griffin's § 2255 habeas petition is denied.

## CONCLUSION

For the foregoing reasons, the § 2255 habeas corpus petition of Michael Griffin is denied.

Wayne R. Andersen
United States District Judge

Dated: January 16, 2001